IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. d/b/a UNILEVER,<br><br>*Plaintiff*,<br><br>v.<br><br>2026 THIRD REALTY, LLC, HAE HEE KIM, COURTNEY HAEJIN KIM, DANIEL HUNGSIK KIM, BRYANT KIM, K & K FOOTWEAR, INC., AND JOHN DOES 1-10, inclusive,<br><br>*Defendants*. | Case No. _____<br><br>**[PROPOSED]** *EX PARTE* **TEMPORARY RESTRAINING ORDER; ORDER AUTHORIZING** *EX PARTE* **SEIZURE; ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION; AND ORDER ALLOWING EXPEDITED DISCOVERY**<br><br>**FILED UNDER SEAL** |

**WHEREAS**, the Court, having considered Plaintiff Conopco, Inc. d/b/a/ Unilever ("Unilever")'s Memorandum of Law, Complaint, and the Declarations of Benjamin Murphy, Melanie Luca, and Stephen Ward, including the exhibits attached to such Declarations, which have been filed under seal in this action,[1] filed in support for an order granting an *ex parte* temporary restraining order, authorizing an *ex parte* seizure under 15 U.S.C. § 1116(d), an order to show cause for a preliminary injunction, and an order allowing expedited discovery, and good cause being shown therefor,

## *EX PARTE* TEMPORARY RESTRAINING ORDER

**IT IS HEREBY ORDERED THAT**, pending the above-referenced hearing, or such other date as may be fixed by the Court, Defendants 2026 Third Realty, LLC, Hae Hee Kim, Courtney Haejin Kim, Daniel Hungsik Kim, Bryant Kim, K & K Footwear, Inc. and John Does 1-10, inclusive (collectively, "Defendants"), their affiliates, subsidiaries, parents, and their respective

---

[1] Where a defined term is referenced but not defined in this document, the defined term should be understood as it is defined in the Complaint.

1

officers, agents, servants, attorneys, and employees, and all persons and entities in active concert or participation with them are hereby immediately **TEMPORARILY RESTRAINED** from:

1. Using any of the following HELLMANN'S marks and/or any other marks comprised of or incorporating HELLMANN'S or the ribbon logo (individually and collectively, "HELLMANN'S Marks") or any other Unilever trademarks, names, or designations in connection with the manufacture, sale, offer for sale, distribution, or advertisement of any products:

| Mark | Registration No. | Date Registered | Goods/Services |
|---|---|---|---|
| HELLMANN'S (Stylized) | 0514280 | August 23, 1949 | Mayonnaise, salad dressings, sandwich spread, and tartar sauce |
| | 1017067 | July 29, 1975 | Salad dressing, mayonnaise, mayonnaise dressing, and relish sandwich spread; tartar sauce |
| BLUE RIBBON HELLMANN'S REAL MAYONNAISE | 1236589 | May 3, 1983 | Mayonnaise |
| BRING OUT THE BEST | 1478873 | March 1, 1988 | Mayonnaise |
| HELLMANN'S 'BRING OUT THE BEST' | 4721213 | April 14, 2015 | Mayonnaise and salad dressings |
| Richard Hellmann (Stylized) | 5514321 | July 10, 2018 | Mayonnaise; tartar sauce; sandwich spread comprised |

| | | | |
|---|---|---|---|
| | | | primarily of mayonnaise, ketchup, relish, mustard or tartar sauce |
| HELLMANN'S EST. 1913 | 5869191 | September 24, 2019 | Mayonnaise; dressings for salad; ketchup; tomato sauce; sauces; relish; mustard; vinegar. |
| HELLMANN'S EST. 1913 | 6357670 | May 18, 2021 | Oils and fats for food. |

2.     Committing any acts calculated to cause purchasers to believe that counterfeit or infringing HELLMANN'S® or Unilever products ("Counterfeit Products") are sold under the control or supervision of Unilever, when they are not;

3.     Selling, passing off, inducing, or enabling others to sell or pass off any products—including without limitation HELLMANN'S® mayonnaise—as Unilever goods or as produced by or for Unilever, which are not Unilever's genuine goods, or are not sold under the control or supervision of Unilever;

4.     Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale or selling Counterfeit Products, or any counterfeit or infringing packaging for the same;

5.     Using any reproduction, counterfeit, copy or colorable imitation of any of the HELLMANN'S Marks in connection with the publicity, promotion, sale, or advertising of any products;

6. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as Unilever goods and from offering such goods in commerce;

7. Diluting any of the HELLMANN'S Marks or any other Unilever trademarks;

8. Interfering with Unilever's contracts and/or business relationships with any customers or potential customers, licensees, or potential licensees;

9. Destroying and/or failing to preserve any records related to the manufacture, advertising, receipt, importation, shipment, purchase, sale, offer for sale, or distribution of any products either purporting to be Unilever products or products using any of the HELLMANN'S Marks and/or any other Unilever trademarks or copyrights;

10. Assisting, inducing, enabling, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred in subparagraphs 1-9 above; and

11. Interfering with any federal, state, or local law enforcement officer(s), who will execute the provisions of the *Ex Parte* Seizure Order, included herein, and/or any representative, agent, independent contractor, or designee of Unilever (including but not limited to individuals trained to detect counterfeit HELLMANN'S® mayonnaise, quality control personnel, supply chain personnel, packaging personnel, and/or forensics experts) who may assist such law enforcement officer(s) and/or other federal or local authorities in executing the provisions of the *Ex Parte* Seizure Order.

**IT IS FURTHER ORDERED THAT**, during the pendency of this Temporary Restraining Order, Unilever shall be authorized to inspect any products offered or sold by Defendants that bear the HELLMANN'S Marks and/or any other Unilever trademarks or

4

copyrights for the purpose of determining whether they are genuine or counterfeit/infringing, and thus to confirm whether Defendants are complying with this Temporary Restraining Order.

**IT IS FURTHER ORDERED THAT**, in accordance with Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, their officers, directors, owners, agents, employees, representatives, successors or assigns, and all persons acting in concert or in participation with any of them, or receiving actual notice of this Order by personal service or otherwise, are temporarily restrained and enjoined from transferring, withdrawing, or disposing of any money or other asset into or out of accounts held by, associated with, or utilized by the Defendants, regardless of whether such money or assets are held in the U.S. or abroad.

**IT IS FURTHER ORDERED THAT**, any banks, savings and loans associations, payment processors or other financial institutions for the Defendants, receiving actual notice of this Order by personal service or otherwise, shall immediately locate all accounts held by or connected with Defendants, and any such accounts shall be temporarily restrained and enjoined from transferring or disposing of any assets in those accounts until further ordered by this Court.

**IT IS FURTHER ORDERED** that upon two (2) business days' written notice to the Court and Unilever's counsel, any Defendant or affected third party may, upon proper showing, appear and move for dissolution or modification of the provisions of this Order.

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

**IT IS HEREBY ORDERED THAT** Defendants appear before the Honorable _____, United States District Judge, Courtroom \_\_\_ of the United States District Court for the Southern District of New York, located at _____, on the \_\_\_ day

of April, 2022 at ___ a.m./p.m., or such other date as may be fixed by the Court, and show cause why a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, should not be issued enjoining them, their agents, servants, employees, officers, and all other persons and entities in active concert or participation with them, pending the final hearing and determination of this action, from:

1. Committing any acts calculated to cause purchasers to believe that Counterfeit Products are sold under the control or supervision of Unilever, when they are not;

2. Selling, passing off, inducing, or enabling others to sell or pass off any products—including without limitation HELLMANN'S® mayonnaise—as Unilever goods or as produced by or for Unilever, which are not Unilever's genuine goods, or are not sold under the control or supervision of Unilever;

3. Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale or selling any Counterfeit Products, or any counterfeit or infringing packaging for the same;

4. Infringing any HELLMANN'S Marks or any other Unilever trademarks, including using any trademark, logo, trade name, or product packaging similar to the HELLMANN'S Marks and product packaging in connection with the distribution, sale, or offer for sale of any product or service without prior authorization from Unilever;

5. Using any reproduction, counterfeit, copy or colorable imitation of any of the HELLMANN'S Marks in connection with the publicity, promotion, sale, or advertising of any products;

6. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Unilever goods and from offering such goods in commerce;

7. Diluting any of the HELLMANN'S Marks or any other Unilever trademarks;

8. Interfering with Unilever's contracts and/or business relationships with any of Unilever's customers or potential customers, licensees, or potential licensees;

9. Destroying any records related to the manufacture, advertising, receipt, importation, shipment, purchase, sale, offer for sale, or distribution of any Counterfeit Products;

10. Assisting, inducing, enabling, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred in subparagraphs 1-9 above.

**ORDER GRANTING *EX PARTE* SEIZURE PURSUANT TO 15 U.S.C. § 1116(d)**

**IT IS FURTHER ORDERED THAT**, pursuant to 15 U.S.C. § 1116(d), the New York City Police Department ("NYPD") or the U.S. Marshals Service or one or more of their deputies (or local or federal law enforcement officers having jurisdiction), in either case assisted by one or more attorneys, private investigators, employees, computer forensics experts, or agents of Unilever, are directed and permitted to search, seize, copy, and sequester at any time, but no later than seven (7) days from the date of this Order, the following items in the possession, custody or control of Defendants:

1. All Counterfeit Products;

2. All existing inventories of HELLMANN'S® products, in order to distinguish Counterfeit Products from genuine products (if any); and

3. All records, documents, invoices, correspondence, emails, text or other electronics messages, security camera and/or other footage, chats, voicemails, bank records, computers,

7

mobile devices, disks, or other electronic storage media, servers, checks, wire transfers, books of account, receipts, or other documentation relating or referring in any manner to the distribution, sale, offer for sale, importation, manufacture, advertising, or promotion of any Counterfeit Products and/or genuine HELLMANN'S® or Unilever products (if any) that the Defendants distributed, sold, or offered for sale, whether such information is stored in a written or computerized form and all telephone and address directories.  The seizure shall be from the following persons or entities during the hours of 8:00 a.m. to 8:00 p.m.:

a. 2026 Third Realty, LLC, Hae Hee Kim, Courtney Haejin Kim, Daniel Hungsik Kim, Bryant Kim, K & K Footwear, Inc., and John Does 1-10, inclusive, at 2026 3rd Avenue New York, NY 10029-2886;

b. 2026 Third Realty, LLC, Hae Hee Kim, Courtney Haejin Kim, Daniel Hungsik Kim, Bryant Kim, K & K Footwear, Inc., and John Does 1-10, inclusive, at 1992 3rd Avenue, New York, NY 10029; and

c. 2026 Third Realty, LLC, Hae Hee Kim, Courtney Haejin Kim, Daniel Hungsik Kim, Bryant Kim, K & K Footwear, Inc., and John Does 1-10, inclusive, at 152 Delaware Ave., Haworth, New Jersey 07641 (together, the "Initial Seizure Locations").

In addition to the Initial Seizure Locations, seizures may occur at all locations within any judicial district in which Counterfeit Products are sold, offered for sale, distributed, transported, manufactured or stored, including but not limited to the address(es) set out above, and any other office, warehouse, house, apartment, truck, van, car, storage facility, or other location in the possession, custody or control of any Defendants, or at the above address(es).

**IT IS FURTHER ORDERED THAT** all electronic data, including, but not limited to, emails, chats, texts, phone records, video security footage, invoices, bills of lading, and accounting software shall be preserved, pending further Order of this Court.

**IT IS FURTHER ORDERED THAT** all such seized materials, products, and records shall be delivered to Unilever's attorneys or private investigators or agents and Unilever's attorneys or private investigators or agents shall act as substitute custodians for the Court, subject to the previously-noted sealing condition, and an inventory of the materials and records shall be provided to the NYPD or U.S. Marshals Service (or other law enforcement officers) and shall be filed with the Court by Unilever's attorneys, pending further Order of this Court.

**IT IS FURTHER ORDERED THAT** Unilever, on whose behalf the Court issues this Order, will act as substitute custodian of any and all items seized/secured pursuant to this Order and shall indemnify and hold harmless the NYPD or U.S. Marshals Service (or other law enforcement agencies and their employees) from any and all claims, asserted in any Court tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of Defendants' property, including any third party.

**IT IS FURTHER ORDERED THAT**, to the extent necessary to effect the seizure and sequestration ordered herein, the NYPD or U.S. Marshals Service (or other law enforcement officers) may use such force as may be reasonably necessary, including breaking any locks, to enter the premises of, or vehicle of, or facility in the possession, custody, or control of Defendants, and to inspect the contents of any rooms, closets, cabinets, vehicles, containers, desks, desktop computers, laptops, smart phones, security and/or other cameras, documents and/or any other notes, recordings, or records located on the premises or any storage rooms located within the same complex as the premises.

**IT IS FURTHER ORDERED THAT**, to the extent that the materials and records are to be moved and/or stored, Unilever is responsible for the transportation involved in the removal and sequestration of any materials and records seized from the premises and must provide the NYPD or U.S. Marshals Service (or other law enforcement officers) with written proof that the storage fees have been paid and adequate insurance against loss or damage has been obtained as evidenced by an insurance certificate.

**IT IS FURTHER ORDERED THAT** anyone interfering with the execution of this ORDER is subject to arrest by the law enforcement officers.

**IT IS FURTHER ORDERED THAT** Unilever's attorneys, private investigators, forensics experts, and/or employees or agents may accompany and assist the NYPD or U.S. Marshals Service (or other law enforcement officers) in determining whether an item is covered by the preceding paragraphs and the NYPD or U.S. Marshals Service (or other law enforcement officers) shall follow such attorneys, private investigators, forensics experts, and/or employees or agents' determination.

**IT IS FURTHER ORDERED THAT**, during the seizure authorized herein, each person present who is a Defendant, or employed or affiliated with Defendants, shall, upon request by a law enforcement officer, provide a driver's license or other form of identification.

**IT IS FURTHER ORDERED THAT** during the seizure authorized herein, each person present who is a Defendant, or employed or affiliated with Defendants, shall—upon request by a law enforcement officer or one or more attorneys, private investigators, forensics experts, employees or agents of Unilever assisting in the seizure—provide passwords, access codes, and any other log-in information for all electronic devices and files, including without limitation computers, tablets, and mobile phones.

**IT IS FURTHER ORDERED THAT** during the seizure authorized herein, each person present who is a Defendant, or employed or affiliated with Defendants, shall—upon request by a law enforcement officer or one or more attorneys, private investigators, forensics experts, employees, or agents of Unilever assisting in the seizure—provide assistance to identify and locate relevant documents and information concerning the location, distribution, sale, offer for sale, importation, manufacture, distribution, advertisement, or promotion of any Counterfeit Products that Defendants have manufactured, imported, exported, distributed, sold, or offered for sale.

**IT IS FURTHER ORDERED THAT** Unilever's attorneys may be accompanied by private investigators, computer technicians, and/or forensics experts to obtain copies of documents to be seized that are stored in electronic form, and Unilever's representatives may also bring with them still camera or video camera operators to record the seizure.

**IT IS FURTHER ORDERED THAT** Unilever's representatives shall promptly inspect the items seized, and if any items are found to be outside the scope of this Order, such items are to be returned to Defendants within fifteen (15) days of the date the seizure is conducted pursuant to this Order.

**IT IS FURTHER ORDERED THAT** Unilever shall be responsible to the NYPD, the U.S. Marshals Service, or other law enforcement officers, for all fees and charges incurred in carrying out this Order.

**IT IS FURTHER ORDERED THAT** Defendants are hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the confirmation of the seizure authorized herein and the immediate issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend during the pendency of this action.  Defendants are

hereby further notified that they shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and that any act by them in violation of any of its terms may be considered and prosecuted as contempt of this Court.

This Court has granted the foregoing Seizure Order without prior written or oral notice to Defendants because specific facts have been put forth to show that:

1. Unilever is likely to suffer and continue to suffer immediate and irreparable injury absent an *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure Order, and the related relief included in this Order;

2. The public is likely to suffer and continue to suffer immediate and irreparable injury absent an *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure Order, and the related relief included in this Order including because the Counterfeit Products present a potential health and safety hazard;

3. The entry of any order other than this *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure Order, and the related relief included in this Order will not serve to adequately achieve the purposes of section 32 of the Lanham Act (15 U.S.C. § 1114);

4. Unilever is likely to succeed in showing that Defendants against whom seizure is ordered have used infringing and/or counterfeit marks in connection with the sale, offering for sale, or distribution of goods;

5. Absent this *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure Order, and the related relief included in this Order, Defendants or those acting in concert with them, would likely move, hide, destroy, or otherwise make inaccessible to the Court the matters which are subject to the proposed seizure order if Unilever is required to proceed on notice;

6. Unilever has not publicized its seizure request;

7. Unilever has timely and properly notified the United States Attorney for the Southern District of New York of its application or an *ex parte* seizure order under 15 U.S.C. § 1116(d)(2);

8. Any harm from this *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure Order, and the related relief included in this Order to the legitimate interests of Defendants is outweighed by the harm to Unilever and the public of not granting this this *Ex Parte* Temporary Restraining Order, *Ex Parte* Seizure Order, and the related relief included in this Order;

9. The matter ordered to be seized in this Order will be located at the places identified in this Order; and

10. No prior application for the relief sought herein has been made to this or any other court.

### **SERVICE, OPPOSITION, AND REPLY PAPERS FOR PRELIMINARY INJUNCTION RELIEF**

**IT IS FURTHER ORDERED THAT** service of the Summons and Complaint and of this Order, together with the papers in support thereof, shall be served at the time of the seizure by delivering true copies thereof to any person of suitable age found at the premises and that such service be deemed sufficient service on Defendants. For any Defendant not served at the time of the seizure, service shall be deemed good and sufficient if made personally, or made upon a person over the age of 18 apparently in charge of a Defendant's business premises, or upon counsel, should counsel appear for a Defendant in this action, or by any other means authorized by the Federal Rules of Civil Procedure, no later than _____, 2022.

**IT IS FURTHER ORDERED THAT** answering papers by Defendants, if any, shall be filed no later than _____, 2022, and be served personally or by overnight delivery upon the attorneys for Unilever to be received on or before \_\_\_\_\_ a.m./p.m., on _____, 2022, and a

13

courtesy copy shall be delivered to the Court's Chambers at the same time. Any reply papers by Unilever shall be filed on or before ____ a.m./p.m., on _____, 2022, and a courtesy copy shall be delivered to the Court's Chambers at the same time.

### EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED THAT**, pursuant to Rules 26, 30, and 34 of the Federal Rules of Civil Procedure, Unilever shall be entitled to conduct expedited discovery from all Defendants as follows:

1. Unilever may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York, and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Unilever's counsel.

2. Unilever may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Unilever's counsel.

3. Service of such discovery requests on Defendants shall be deemed good and sufficient if made personally, or if made upon a person over the age of 18 apparently in charge of a Defendant's business premises, or upon counsel, should counsel appear for a Defendant in this action. Service of such discovery requests on Defendants may also be made by first-class mail, in which case the Defendant shall have seven (7) days from the date of mailing to respond to the discovery requests.

4. All Defendants shall additionally provide witnesses for deposition, pursuant to Rule 30 of the Federal Rules of Civil Procedure, not later than five (5) days after Unilever serves them with notices of deposition for such witnesses' testimony. Service of such deposition notices on Defendants shall be deemed good and sufficient if made personally, or if made upon a person over the age of 18 apparently in charge of a Defendant's business premises, or upon counsel, should counsel appear for a Defendant in this action. Service on Defendants may also be made by first-class mail, in which case the Defendants shall have seven (7) days from the date of mailing to produce the witness(es) called for by the deposition notice(s).

**IT IS FURTHER ORDERED THAT**, pending the final disposition of all claims in this action, all Defendants shall preserve all documents, electronically-stored information, and/or tangible things that may be relevant to the subject matter of, or reasonably calculated to lead to the discovery of admissible evidence in, this action or any of the claims asserted herein and maintain them in an accessible form and place.

## DOCUMENTS FILED UNDER SEAL

**IT IS FURTHER ORDERED THAT**, pending the hearing on Unilever's motion to confirm the seizure authorized herein, the Clerk of this Court is to keep and maintain under seal all papers filed herein, including this Order and Complaint, and that public scrutiny of such papers shall not be permitted, subject to Defendants' right to access such papers upon presenting the Clerk of this Court with proper identification after the seizure authorized herein has been carried out.

## BOND

**IT IS FURTHER ORDERED THAT** a bond or undertaking in the amount of $5,000 be posted with the Clerk of Court by Unilever on or before April ___, 2022, to provide security for

the payment of such costs and damages as may be incurred or suffered by any party as a result of a wrongful seizure or wrongfully attempted seizure and such undertaking, if in the form of a check or cash, shall be held in an interest-bearing account.

**SO ORDERED**, this day of April \_\_\_, 2022.

_____
UNITED STATES DISTRICT JUDGE