**FINNEGAN** | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

**MARY KATE BRENNAN**
202.408.4340
marykate.brennan@finnegan.com

May 19, 2022

Honorable Analisa Torres
United States District Judge                                                      **VIA ECF**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Conopco, Inc. d/b/a Unilever v. 2026 Third Realty, LLC et al.*, 22-cv-3480-AT
             <u>Motion to Modify the Amended TRO and File a Second Amended Complaint</u>

Dear Judge Torres:

      As you are aware, we represent Plaintiff Conopco, Inc. d/b/a Unilever ("Unilever") in the above-captioned matter. Unilever respectfully submits this letter motion seeking (1) modification of the Amended Temporary Restraining Order; Order to Show Cause for Preliminary Injunction; and Order Allowing Expedited Discovery issued by this Court on May 6, 2022 (Dkt. 54) ("First Amended TRO"), and (2) leave to file a Second Amended Complaint[1] because of recently discovered information about individuals involved in a scheme to manufacture, distribute, export, offer for sale, and sell counterfeit and potentially hazardous mayonnaise using Unilever's registered HELLMANN'S trademarks without authorization ("Counterfeit Products").[2]

      Since filing its original motion for the entry of an *ex parte* temporary restraining order, an order authorizing an *ex parte* seizure of counterfeit goods under 15 U.S.C. § 1116(d), an order to show cause for a preliminary injunction, and an order permitting expedited discovery on April 27, 2022 (Dkts. 15-23) (collectively, the "TRO Application"), which was entered by the Court on April 29, 2022 (Dkt. 53) ("TRO"), Unilever has uncovered new facts necessitating the addition of new defendants to this lawsuit. *See*, *e.g.*, Unilever's May 3, 2022 letter motion seeking emergency modification of the TRO (Dkt. 28) ("First Amended TRO Application").

---

[1] Unilever attaches the (1) Proposed Second Amended TRO, and (2) the Proposed Second Amended Complaint to this Letter Motion.

[2] Where a defined term is referenced but not defined in this order, the defined term should be understood as it is defined in the Second Amended Complaint.

Honorable Analisa Torres
Page 2

On May 12, 2022, Unilever, with the assistance of Polaris Corporate Risk Management LLC and the New York Police Department, conducted seizures at three locations identified in the First Amended TRO:  (i) 2020 Third Avenue, New York, New York 10035 ("Fourth Location"); (ii) 2022 3rd Avenue, New York, New York 10029 ("Fifth Location"); and (iii) 4015 White Plains Road, Bronx, New York 10466  ("Sixth Location") (collectively, the "May 12, 2022 Seizures").  May 19, 2022 Declaration of Stephen Ward ("Fourth Ward Decl.") ¶ 4; Declaration of Steven Cannon ("Cannon Decl.") ¶ 3.

Before the May 12, 2022 Seizures, Unilever's preliminary investigations demonstrated that Defendants were involved in the Counterfeit Products scheme as discussed below:

- Counterfeit Products were originally visible through the windows of 2026 3rd Avenue New York, New York 10029-2886 ("First Location").  Declaration of Benjamin Murphy (Dkt. 21) ¶ 7; April 27, 2022 Declaration of Stephen Ward ("First Ward Decl.") (Dkt. 23) ¶ 3.  Defendant AMIS Discounted Furniture, LLC ("AMIS Furniture") previously operated out of the First Location, and now operates out of 2020 Third Avenue, New York, New York 10035 ("Fourth Location").  Defendant Youssouf Diagouraga is affiliated with Defendant AMIS.  May 4, 2022 Declaration of Stephen Ward ("Third Ward Decl.") (Dkt. 33) ¶ 15.
- Defendant AMIS Furniture, Defendant Diagouraga, and/or affiliated entity(ies) or individual(s) purchased HELLMANN'S mayonnaise on a "close out" sale (*i.e.*, sale of products close to expiration date at a discount) in at least around February 2022 (or earlier).  *Id.* ¶ 17.  After procuring the HELLMANN'S product, Defendant AMIS Furniture, Defendant Diagouraga, and/or affiliated entity(ies) or individual(s) worked with Defendant Mustafa Ganchi, Defendant Vibrant Printing and Graphic Corp. ("Vibrant Printing"), and/or affiliated entity(ies) or individual(s) to make counterfeit labels.  Fourth Ward Decl. ¶¶ 5-6.  After Defendant AMIS, Defendant Diagouraga, and/or affiliated entity(ies) or individual(s) affixed the counterfeit labels to the products, the Counterfeit Products were then shipped by Defendant AMIS Furniture, Defendant Diagouraga, and/or affiliated entity(ies) or individual(s) to Gambia.  Third Ward Decl. ¶ 6.
- The First Location is owned by Defendant 2026 Third Realty, LLC ("2026 Third Realty") in the names of individuals Defendant Hae Hee Kim and Defendant Courtney Haejin Kim.  First Ward Decl. ¶ 5-6.  Defendant Daniel Kim has been affiliated with the First Location since August 1, 2006.  *Id.* ¶ 6.  Defendant Bryant Kim is also linked to the First Location.  *Id*.  Moreover, the First Location's most recent mortgage documents list Defendant Hae Hee Kim as 2026 Third Realty's Managing Member and Defendant Courtney Haejin Kim as a Member.  *Id.* ¶ 7.

As further detailed in the Fourth Ward Decl. and Cannon Decl., the intelligence collected during the May 12, 2022 Seizures revealed the following:

- Lamin Humma operates the AMIS Furniture storefront at the Second Location.  Cannon Decl. ¶ 4.  After being asked if he could provide any information about

Honorable Analisa Torres
Page 3

- the party/parties involved in exporting the Counterfeit Products, Mr. Humma provided the mobile number of an individual named "Sarjo," who he claimed was responsible for shipping the mayonnaise to Gambia. *Id.* ¶ 5.
- The mobile number provided by Mr. Humma has been affiliated with an individual named Sarjo Dambelly since at least September 16, 2010. *Id.* ¶ 6.
- In addition to Defendant Mustafa Ganchi, Mohamad Ganchi is also a proprietor of Defendant Vibrant Printing. Fourth Ward Decl. ¶ 6. Mohamad Ganchi, along with Defendant Mustafa Ganchi, claimed that they were contracted to print counterfeit HELLMANN'S-branded mayonnaise labels by another entity, Defendant AMIS Furniture. *Id.*

In light of the above-detailed new information collected during the May 12, 2022 Seizures, Unilever respectfully requests that the Court modify the TRO and enter the Proposed Second Amended TRO to extend the temporary restraining order over three new defendants: (1) Lamin Humma, (2) Sarjo Dambelly, and (3) Mohamad Ganchi ("New Defendants"). Absent modification of the TRO, New Defendants are likely to continue their counterfeiting scheme and dispose of, move, or hide evidence relating to the Counterfeit Products, labels, and/or records (*e.g.*, bills of lading). *See, e.g.*, *Barefoot Contessa Pantry, LLC v. Aqua Star (USA) Co.*, No. 15-CV-1092, 2015 WL 845711, at *8 (S.D.N.Y. Feb. 26, 2015) (granting a TRO to the plaintiff in the context of counterfeit frozen food items).

Furthermore, because (1) Unilever's request to amend was not unduly delayed, (2) Unilever is acting in good faith, (3) Defendants will not be prejudiced by the proposed amendment, and (4) the proposed amendment is not futile, Unilever respectfully requests that Court also grant it leave to file a Second Amended Complaint to add the New Defendants. *See* Fed. R. Civ. P. 15(a) (which provides that leave to amend a complaint "should [be] freely give[n] when justice so requires"); *E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 282 (S.D.N.Y. Mar. 6, 2006).

Thank you for your consideration and please let us know if you have any questions. Counsel for Unilever may be reached at (202) 408-4340.

Sincerely,

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

Mary Kate Brennan

Honorable Analisa Torres
Page 4


cc:   Anna Naydonov, Esq.
      Spencer Beall, Esq.
      Rosie Norwood-Kelly, Esq.
      William P. Deni, Esq.
      J. Brugh Lower, Esq.