USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/26/2022_

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOPCO, INC. d/b/a UNILEVER,<br><br>*Plaintiff,*<br><br>v.<br><br>2026 THIRD REALTY, LLC, HAE HEE KIM, COURTNEY HAEJIN KIM, DANIEL HUNGSIK KIM, BRYANT KIM, K & K FOOTWEAR, INC., YOUSSOUF DIAGOURAGA, MUSTAFA GANCHI, AMIS DISCOUNTED FURNITURE, LLC, VIBRANT PRINTING AND GRAPHIC CORP., MOHAMAD GANCHI, LAMIN HUMMA, SARJO DAMBELLY, AND JOHN DOES 1–10, INCLUSIVE,<br><br>*Defendants.* | 22-cv-3480 (AT)<br><br>**FINAL JUDGMENT AND PERMANENT INJUNCTION <u>UPON CONSENT</u>** |

Plaintiff Conopco, Inc. d/b/a/ Unilever ("Unilever"), having filed a Second Amended Complaint against Defendants AMIS Discounted Furniture, LLC ("AMIS Furniture"), Youssouf Diagouraga, and Lamin Humma (collectively, the "AMIS Defendants") along with the other above-captioned Defendants, asserting claims for trademark counterfeiting and infringement, unfair competition and false designation of origin, and dilution under the Lanham Act, as well as trademark infringement, unfair competition and passing off, dilution, and unjust enrichment under New York law; and Unilever and the AMIS Defendants (collectively, the "Parties") having entered into a confidential Settlement Agreement dated July 8, 2022 (the "Settlement Agreement"), such agreement providing for, *inter alia*, the entry of a Final Judgment and Permanent Injunction Upon Consent; and for good cause shown:

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

1.	This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1338, and 1367. This Court has personal jurisdiction over the Parties under New York CPLR §§ 301 and/or 302(a), and venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

2.	Unilever has represented that it is the owner of numerous valid and subsisting trademark registrations for the HELLMANN'S trademarks on the Principal Register in the United States Patent and Trademark Office ("PTO") (the "HELLMANN'S Marks"), which alone or in combination appear on Unilever's authentic HELLMANN'S-branded mayonnaise, including:

| Mark | Registration No. | Date Registered | Goods/Services |
|---|---|---|---|
| HELLMANN'S (Stylized) | 0514280 | August 23, 1949 | Mayonnaise, salad dressings, sandwich spread, and tartar sauce |
| | 1017067 | July 29, 1975 | Salad dressing, mayonnaise, mayonnaise dressing, relish sandwich spread, and tartar sauce |
| BLUE RIBBON HELLMANN'S REAL MAYONNAISE | 1236589 | May 3, 1983 | Mayonnaise |
| BRING OUT THE BEST | 1478873 | March 1, 1988 | Mayonnaise |
| HELLMANN'S 'BRING OUT THE BEST' | 4721213 | April 14, 2015 | Mayonnaise and salad dressings |

2

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| (HELLMANN'S 'BRING OUT THE BEST' logo) | | | |
| Richard Hellmann (Stylized) | 5514321 | July 10, 2018 | Mayonnaise, tartar sauce, sandwich spread comprised primarily of mayonnaise, ketchup, relish, mustard, or tartar sauce |
| HELLMANN'S EST. 1913 | 5869191 | September 24, 2019 | Mayonnaise, dressings for salad, ketchup, tomato sauce, sauces, relish, mustard, and vinegar. |
| HELLMANN'S EST. 1913 | 6357670 | May 18, 2021 | Oils and fats for food. |

April 27, 2022 Declaration of Benjamin Murphy ("Murphy Decl.") (Dkt. 21) ¶ 6, Ex. 1.

  3. Since at least 1926, Unilever (including through predecessors) has used the HELLMANN'S brand in connection with mayonnaise and related food products in the United States. *Id.* ¶ 3. As a result of billions of dollars in sales, advertising, and promotion, the HELLMANN'S Marks are famous. *Id.* ¶ 4.

  4. The AMIS Defendants acknowledge that the HELLMANN'S Marks are valid, protectable, and famous.

  5. The AMIS Defendants used the HELLMANN'S Marks without authorization.

  6. The AMIS Defendants have engaged in unauthorized use of the HELLMANN'S Marks on counterfeit labels affixed to products that became expired (the "Counterfeit Products"), and such products could have confused and deceived the consuming public into thinking that the

Counterfeit Products emanate from and/or are authorized by Unilever.  The AMIS Defendants' activities described above (the "Infringing Activities") constitute trademark infringement, trademark counterfeiting, trademark dilution, unfair competition, and false designation of origin under 15 U.S.C. §§ 1117, 1125(a), 1125(c) and New York common law.

7. The AMIS Defendants acknowledge that their Infringing Activities were willful and have caused Unilever harm and injury.

8. The AMIS Defendants have represented to Unilever that the only remaining Counterfeit Products are in Container No. TCNU2879790 (which arrived in Newark, New Jersey on or about June 4, 2022) and Container No. TLLU4707153 (which arrived in Banjul, Gambia on or about June 14, 2022), and the AMIS Defendants have further represented that these Counterfeit Products have been confiscated by the U.S. Customs and Border Protection and Banjul, Gambia authorities; that the AMIS Defendants have provided and will continue to provide cooperation to the authorities when asked to assist with the confiscation and/or the scheduling of the destruction of the Counterfeit Products; and that they will not interfere with the destruction of and/or remove, distribute, sell, or otherwise tamper with the Counterfeit Products.

**BASED UPON THE FOREGOING, IT IS FURTHER ORDERED THAT:**

The AMIS Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, and/or all persons within the AMIS Defendants' control are permanently enjoined from:

1. Using any of the HELLMANN'S Marks in connection with the manufacture, sale, offer for sale, distribution, or advertising of any products;

2. Committing any acts calculated to cause purchasers to believe that the Counterfeit Products are sold under the control or supervision of Unilever, when they are not;

3. Selling, passing off, inducing, or enabling others to sell or pass off any products— including without limitation HELLMANN'S mayonnaise—as Unilever goods or as produced by or for Unilever, which are not Unilever's genuine goods, or are not sold under the control or supervision of Unilever;

4. Directly or indirectly manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling Counterfeit Products, or any counterfeit or infringing packaging, labels, signage, and/or any other materials in any medium for the same;

5. Using any reproduction, counterfeit, copy, or colorable imitation of any of the HELLMANN'S Marks in connection with the publicity, promotion, sale, or advertising of any products;

6. Affixing, applying, annexing, or using in connection with the sale, offer for sale, or advertising of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as Unilever goods and from offering such goods in commerce;

7. Diluting any of the HELLMANN'S Marks; and

8. Assisting, inducing, enabling, aiding, or abetting any other person or business entity engaging in or performing any of the activities referred in subparagraphs 1–7 above.

**IT IS FURTHER ORDERED THAT**, the AMIS Defendants are directed immediately:

1. To the extent not previously undertaken, to destroy and/or assist third parties with the destruction of, all Counterfeit Products, packaging, labels, signage, advertisements, promotional materials, stationery, forms, and/or any other

materials and things in any medium that contain or bear the HELLMANN'S Marks or any other mark, logo, tagline, slogan, design, designation, or indicator that is confusingly similar to or dilutive of the HELLMANN'S Marks, including but not limited to providing whatever assistance and actions are necessary for the immediate destruction of the Counterfeit Products contained in Container No. TCNU2879790 (which arrived in Newark, New Jersey on or about June 4, 2022) and Container No. TLLU4707153 (which arrived in Banjul, Gambia on or about June 14, 2022);

2. Cooperate in good faith with any law enforcement or other government authorities (whether domestic or foreign), Unilever, and Unilever's agents, investigators, and attorneys regarding the above-mentioned destruction of the Counterfeit Products; and

3. Cover all associated costs (if any) for the above-mentioned destruction of the Counterfeit Products in Container No. TLLU4707153. To the extent the destruction of the Counterfeit Products referenced in Paragraph No. 1 above is handled by the U.S. Customs and Border Protection and/or Banjul authorities, the AMIS Defendants must provide to Unilever any certification or other documentation on the destruction they receive from any authorities regarding the destruction; and

**IT IS FURTHER ORDERED THAT**, the AMIS Defendants shall comply with the Parties' confidential Settlement Agreement.

**IT IS FURTHER ORDERED THAT**, this Court maintains exclusive jurisdiction to enforce this Final Judgment and Permanent Injunction Upon Consent and the provisions of the Settlement Agreement for a period of one year. The Parties acknowledge that a breach of this Final Judgment and Permanent Injunction Upon Consent by the AMIS Defendants will result in immediate and irreparable harm to Unilever, and that Unilever shall be awarded its attorneys' fees and costs should Unilever have to bring any motion or proceeding to enforce the terms hereof. The Parties consent to this Court's subject matter and personal jurisdiction for any such motion or proceeding related to this Final Judgment and Permanent Injunction Upon Consent and/or the Settlement Agreement.

**IT IS FURTHER ORDERED THAT**, the AMIS Defendants have consented to the entry of this Final Judgment and Permanent Injunction Upon Consent, acknowledge that the Final Judgment and Permanent Injunction Upon Consent adjudicates all claims related to this matter, and waive any and all rights of appeal.

The Clerk of this Court is directed to enter this Final Judgment and Permanent Injunction Upon Consent forthwith, without further notice.

**ACKNOWLEDGED AND AGREED TO:**

Dated: 08 July 2022

Conopco, Inc. d/b/a Unilever

By: *Risa Drexler*
    268D21C606E94E9...
Name: Risa Drexler
Title: Associate General Counsel - Litigation

Dated: 7/7/22

**AMIS Discounted Furniture, LLC**

By: YOUSSOUF DIAGOURAGA
Name:
Title: OWNER

Dated: 7/7/22

**Lamin Humma**

7

Dated: 7/7/22

Name:

**Youssouf Diagouraga**

Name:

**JUDGMENT IS HEREBY ENTERED.**

Dated: October 26, 2022
New York, New York

ANALISA TORRES
United States District Judge